JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE A. TASCH, <br><br> Plaintiff, <br><br> v. <br><br> FORD MOTOR COMPANY, a Delaware Corporation; et al., <br><br> Defendants. | CASE NO. CV 18-380-R <br><br> ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |

Before the Court is Plaintiff's Motion to Remand, filed on June 11, 2018. (Dkt. 13). Having been briefed by the parties, this Court took the matter under submission on July 13, 2018.

Plaintiff moves to remand on the ground that the parties are not diverse. Defendants maintain that the parties are diverse because Defendant Fritts Ford ("Fritts") was fraudulently joined—or, alternatively, fraudulently "misjoined"—to defeat diversity and therefore his citizenship should be disregarded.

"Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "[O]ne exception to the requirement of complete diversity is where a non-diverse defendant has been fraudulently joined." *Id.* "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of

determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* "Demonstrating fraudulent joinder, however, requires more than merely showing that plaintiff has failed to state a claim for relief." *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1063 (C.D. Cal. 2012). "In the Ninth Circuit, a non-diverse defendant is deemed to be fraudulently joined if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff *could not possibly recover* against the party whose joinder is questioned." *Id.* (emphasis in original). "Defendants must show that the relevant state law is so well settled that plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency." *Id.*

Plaintiff sues Fritts for negligent repair. The elements of negligence are duty, breach, causation, and damages. *Burgess v. Superior Court*, 2 Cal. 4th 1064, 1072 (1992). Defendants argue that (a) Plaintiff has not alleged facts sufficient to support a negligence claim, and, (b) even assuming Plaintiff could allege such facts, Plaintiff could recover damages only against Ford because the repairs were performed under Ford's warranty.

Defendants' first argument misses the mark because the relevant inquiry is not whether Plaintiff *has* stated a claim against Fritts, but whether Plaintiff *could* state a claim against Fritts. *Nasrawi v. Buck Consultants, LLC*, 776 F. Supp. 2d 1166, 1170 (E.D. Cal. 2011) ("[A] plaintiff need only have one potentially valid claim against a non-diverse defendant to survive a fraudulent joinder challenge."). Plaintiff alleges in the Complaint that it delivered its car to Fritts on multiple occasions for engine and transmission repairs, and Fritts breached its duty to use ordinary care and skill by failing to properly store, prepare, and repair Plaintiff's car according to industry standards. To be clear, these allegations are not impressive. But the Court sees no reason why Plaintiff would not be granted leave to cure these conclusory allegations. Defendants cite no case establishing that California law is so well settled that a customer *could not possibly recover* against a dealership for negligent repair. *But see S.W. Forest Indus., Inc. v. Westinghouse Elec. Corp.*, 422 F.2d 1013, 1020 (9th Cir. 1970) ("One who undertakes repairs has a duty arising in tort to do them without negligence.").

Defendants' second argument is also unavailing. Defendants argue that Plaintiff's negligent repair claim is impossible as a matter of law because Plaintiff's only possible recovery is against Ford for breach of warranty. According to Defendants, Plaintiff cannot recover against Fritts because Fritts did not supply the warranty, Fritts worked on the car only pursuant to Ford's warranty, and Plaintiff did not pay Fritts to perform the repairs. The Court sees no reason why Plaintiff cannot sue Ford for breach of warranty *and also* sue Fritts for negligent repair. Defendants cite no law—and this Court is aware of none—for the proposition that only the warrantor may be held liable for repairs done pursuant to a warranty, even where the repairing party performs negligently. *But see, e.g.*, *Forward-Rossi v. Jaguar Land Rover N.A., LLC*, 2016 WL 3396925, at *4 (C.D. Cal. June 13, 2016) (plaintiff had "facially legitimate" claim for negligent repair against dealership that failed to adequately repair warranted vehicle on "numerous occasions" even though dealership was not the warrantor). Accordingly, the Court cannot conclude that Plaintiff's negligent repair claim is impossible as a matter of law.

The Court will not consider Defendants' fraudulent misjoinder argument. "Not only has the Ninth Circuit declined to adopt the doctrine of fraudulent misjoinder, no court in the Central District of California…has adopted it, and district courts throughout the circuit have repeatedly and consistently declined to adopt the doctrine…. Of the appellate courts, only the Eleventh Circuit has explicitly adopted fraudulent misjoinder." *Thee Sombrero, Inc. v. Murphy*, 2015 WL 4399631, at *4 (C.D. Cal. July 17, 2015). Like other courts within the Central District, this Court declines to adopt a doctrine not authorized by Congress, the Supreme Court, or the Ninth Circuit.

In sum, Defendants do not show that Plaintiff's negligent repair claim is "impossible as a matter of California law." *Onelum v. Best Buy Stores L.P.*, 948 F. Supp. 2d 1048, 1055 (C.D. Cal. 2013). Therefore, Defendants do not meet their heavy burden of demonstrating that Fritts was fraudulently joined. Fritts' citizenship destroys complete diversity.

/ / /

/ / /

/ / /

/ / /

Notwithstanding the above, the Court will not award attorney's fees because Ford's removal was not "objectively unreasonable."

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is GRANTED. (Dkt. 13). Dated: August 16, 2018.

_____

MANUEL L. REAL
UNITED STATES DISTRICT JUDGE